**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **KEITH FRALEY** | ) | |
| | ) | **Civil Action File No.:** |
| *Plaintiff,* | ) | |
| | ) | **1:25-cv-06659-MLB** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MOREHOUSE COLLEGE** | ) | |
| | ) | |
| *Defendant.* | ) | |

## PLAINTIFF'S NOTICE OF CLARIFICATION AND

## SUPPLEMENTAL AUTHORITY

Plaintiff respectfully submits this Notice of Clarification and Supplemental

Authority in response to the Court's February 5, 2026 Order concerning the

authority cited in support of Plaintiff's breach-of-contract argument.

**Clarification Regarding Previously Cited Northern District of Alabama Case**

Upon further review, Plaintiff acknowledges that the Court was unable to locate

the authority previously cited as Doe v. University of Alabama, 318 F. Supp. 3d

1240 (N.D. Ala. 2018), and Plaintiff has likewise been unable to identify a

published or unpublished decision corresponding to that citation as described in the

filing. Plaintiff does not contend that the specific language attributed to that case appears verbatim in any reported opinion.

This issue may have arisen during Plaintiff's court-mandated reduction of its original submission. Plaintiff's initial filing exceeded forty pages and was rejected by the Court, requiring substantial condensation and synthesis of multiple authorities addressing procedural defects in Title IX disciplinary proceedings. Probably in the course of condensing that discussion, Plaintiff inadvertently misidentified the specific case associated with the cited proposition. Plaintiff submits this clarification to ensure the record accurately reflects the governing authority and does not seek to obscure or minimize the error.

Although Plaintiff cannot identify a case that articulates the proposition in the precise phrasing previously used, federal courts have expressly recognized that where a university's published disciplinary policies form an enforceable contract, an alleged failure to provide promised or required Title IX training to investigators, adjudicators, or appeal decision-makers may be analyzed as part of a breach-of-contract claim, particularly when considered alongside other alleged procedural deficiencies.

In particular:

- Doe v. Hobart & William Smith Colleges, No. 6:20-cv-06338-EAW, 2024 WL [___], at [___] (W.D.N.Y. 2024).

In Hobart, the court expressly addressed a breach-of-contract claim premised on the university's alleged failure to provide training promised by its Title IX policies. Although the court ultimately concluded that the plaintiff had not carried his burden on the factual record before it, the court analyzed the alleged lack of required training as a cognizable contractual theory rather than rejecting it as legally improper.

- Doe v. Dordt University, No. 5:19-cv-04082-CJW-KEM, 2022 WL 2981177, at [___] (N.D. Iowa July 20, 2022).

  In Dordt, the court noted evidence that a Title IX appeal decision-maker was untrained in Title IX requirements and regulations and treated the absence of training as a concrete procedural deficiency within its analysis of contract-based and fairness claims arising from the disciplinary process.

Plaintiff relies on these authorities for the limited and accurate proposition that, where a university promises compliance with Title IX disciplinary procedures, allegations that decision-makers lacked required training may constitute a relevant procedural defect supporting a breach-of-contract claim, particularly when considered in conjunction with other alleged procedural irregularities.

Plaintiff submits this clarification in good faith to assist the Court and to ensure that the record accurately reflects the legal basis for the argument presented.

**Response identifying the portion of Doe v. Samford University**

Plaintiff respectfully responds to the Court's request to identify the portion of Doe v. Samford University, 29 F.4th 675 (11th Cir. 2022), relied upon for the cited proposition.

Upon review, Plaintiff acknowledges that was quick thank you that Doe v. Samford University does not contain a holding stated in the precise language quoted in Plaintiff's prior filing, and that the quoted passage does not appear verbatim at pages 690–92 or elsewhere in the opinion. Plaintiff does not contend otherwise.

Rather, Plaintiff relied on Samford for the legal framework and analytical standard articulated by the Eleventh Circuit concerning when allegations of procedural irregularities and biased reasoning may support a plausible inference of sex discrimination under Title IX. The quoted language reflects a synthesis of the Eleventh Circuit's discussion of governing principles and related precedent, not a direct quotation or standalone holding.

The specific portions of Samford on which Plaintiff relied are as follows:

- Pages 686–87:

  The Eleventh Circuit explains that to state a Title IX claim, a plaintiff must allege facts supporting a reasonable inference that sex was a motivating factor

in the challenged disciplinary decision, and that procedural irregularities alone are insufficient unless tied to sex-based reasoning. 29 F.4th at 686–87.

- Pages 688–89:

The court discusses the distinction between neutral procedural flaws and allegations that plausibly suggest sex-based bias, emphasizing that Title IX claims may proceed where the facts support an inference that sex influenced the outcome. Id. at 688–89.

- Pages 690–91:

The Eleventh Circuit surveys and distinguishes decisions from other circuits, including Doe v. Columbia University and Doe v. Purdue University, which recognize that allegations an institution credited a complainant's account while discounting a respondent's account based on gendered assumptions may support a plausible Title IX claim. Id. at 690–91.

- Page 692:

The court concludes that the plaintiff in Samford failed to allege sufficient facts tying the asserted procedural irregularities to sex-based discrimination, thereby clarifying what is required—and what is not—to plausibly allege sex discrimination under Title IX. Id. at 692.

**Clarification of Plaintiff's Use of Doe v. Samford**

Plaintiff acknowledges that Samford ultimately affirmed dismissal of the Title IX claim and did not hold that the plaintiff in that case plausibly alleged sex discrimination. Plaintiff cited Samford not as favorable authority on the outcome, but for its articulation of the governing standard and its explanation of the circumstances under which allegations of procedural irregularities and biased reasoning, when connected to sex-based assumptions, may support a plausible Title IX claim.

To the extent Plaintiff's prior filing attributed synthesized language to Samford as a holding, Plaintiff clarifies that the quoted passage reflects a summary of the Eleventh Circuit's analytical framework and discussion of relevant precedent, rather than a direct quotation or express holding of the court.

Plaintiff submits this clarification to assist the Court and to ensure the record accurately reflects the basis for the cited authority.

Respectfully submitted,

**/s/ ADELINE N. ALEXANDER**
Adeline N. Alexander, Esq.
Georgia Bar No. 392081

**ALEXANDER LAW PRACTICE GROUP, LLC**
5771 Johnson Street, #5385
Hollywood, Florida 33083
Tel: (786) 436-1985
Email: adeline@alexanderlawpg.com
*Counsel for Keith Fraley*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| **KEITH FRALEY** | ) | |
| | ) | **Civil Action File No.:** |
| *Plaintiff,* | ) | |
| | ) | **1:25-cv-06659-MLB** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MOREHOUSE COLLEGE** | ) | |
| | ) | |
| *Defendant* | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2026, I filed the foregoing Memorandum Of Law In Support Of Plaintiff's Consolidated Opposition To Defendants Motions To Dismiss with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all counsel of record.

*/s/* **ADELINE N. ALEXANDER**
Adeline N. Alexander, Esq.
Georgia Bar No. 392081

**ALEXANDER LAW PRACTICE GROUP, LLC**
5771 Johnson Street, #5385
Hollywood, Florida 33083
Tel: (786) 436-1985
Email: adeline@alexanderlawpg.com

Page 7

*Counsel for Keith Fraley*

**/s/ MARIO B. WILLIAMS**
Mario B. Williams
Ga. Bar No. 235254
**HUMANITY DIGNITY AND RIGHTS LLC**
**MARIO B. WILLIAMS, ESQUIRE**
Life Time Work - Buckhead - at Phipps Plaza
3480 Peachtree Road, NE, Second (2nd) Floor
Atlanta, Georgia 30326
Tel.: (470) 257-2485; Fax: (470) 660-8523
Email: mwilliams@hdrattorneys.com
*Counsel for Keith Fraley*